## MURPHY *v.* CRAIN.

A defect in a bastardy warrant will be waived, if the respondent, with full knowledge of the defect and opportunity to avail himself of the objection, pleads the general issue.

COMPLAINT FOR BASTARDY. The complaint was made before one W., a justice, who inadvertently omitted to sign the warrant. The officer arrested the respondent, and carried him before one G., a justice, who discharged him because the warrrant was not signed. The warrant was then signed by W., and the return being torn off was delivered to the same officer, who in less than an hour after the respondent's discharge again arrested him, carried him before G., and made another return like the first. The respondent was arraigned upon the complaint, pleaded not guilty, waived an examination, and recognized, as ordered, to appear at the next term of the supreme court. The respondent appeared as ordered, and pleaded these facts, and moved to be discharged. The complainant demurred. The court sustained the demurrer, and denied the respondent's motion, and he excepted.

After the close of the term, and before the reserved case was drawn, the respondent's counsel, by letter, claimed that they had just learned, and offered to prove, that W. was not a justice, his commission having expired four days before the complaint was made. The presiding justice declined to open the case in vacation for proof of further facts without the consent of the complainant.

*Twitchell & Evans*, for the respondent.

*Chaffin*, for the complainant.

SMITH, J. Whether the warrant could be used again after the respondent had once been discharged without a trial, it is unnec-

essary to consider. If the objection could be interposed, it should have been made when the respondent was brought before the magistrate. Any objection to the exercise of jurisdiction intended for the benefit of a party must be taken by him at the earliest practicable opportunity after he has become aware of it, or he will be deemed by his delay to have waived it. *Warren* v. *Glynn*, 37 N. H. 340. The plea of the general issue alone is a waiver of such defence. *Hanson* v. *Hoitt*, 14 N. H. 56. Appearance by the respondent before the magistrate and pleading to the merits, with full knowledge of the alleged defect and with full opportunity to avail himself of the objection, cured the defect in these proceedings, and the objection now comes too late. *Collins* v. *Conners*, 15 Gray 49. See, also, *Hanson* v. *Hoitt*, 14 N. H. 56; *Rogers* v. *Odell*, 39 N. H. 417; *Corey* v. *Sumner*, 52 N. H. 479; *Murphy* v. *Spence*, 9 Gray 399; *Hawes* v. *Gustin*, 2 Allen 402.

The objection that W.'s commission as justice of the peace had expired cannot be considered, unless the case is amended to show the fact.

*Exceptions overruled.*

Doe, J., did not sit: the others concurred.